IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Ulysses Harcum,**<br>    Petitioner,<br><br>v.<br><br>**Chadwick Dotson,**<br>    Respondent.[1] | )<br>)<br>)<br>)  No. 1:24cv1185 (RDA/WBP)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

Petitioner Ulysses Harcum ("Petitioner" or "Harcum"), a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his May 8, 2013 convictions of aggravated malicious wounding and malicious wounding of Alvita Pittman (Harcum's wife) in the Circuit Court of the City of Portsmouth, Virginia. Dkt. 1. On November 15, 2024, Respondent filed a Rule 5 Answer and a Motion to Dismiss with supporting briefs and exhibits, Dkts. 9-11. On March 6, 2025, in accordance with *Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024), the Court advised Harcum of his right to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Dkt. 13. Harcum has not responded. The matter is ripe for disposition and, for the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition dismissed with prejudice.

**I. Procedural History**

Harcum was convicted in the Circuit Court of the City of Portsmouth on January 17, 2013, of aggravated malicious wounding, in violation of Virginia Code § 18.2-51.2, and malicious wounding with a caustic substance, in violation of Virginia Code § 18.2-52. The trial court

---

[1] Chadwick Dotson, Director of the Virginia Department of Corrections ("VDOC"), moved to be substituted as the proper party respondent in this matter because Petitioner is in the custody of the VDOC. The motion will be granted.

sentenced Harcum to life in prison for his aggravated malicious wounding conviction, and thirty years in prison for his malicious wounding with a caustic substance conviction. Judgment imposing the sentences was entered on May 8, 2013. Dkt. 11-1.

Harcum, by counsel, filed a petition for appeal in the Court of Appeals of Virginia, arguing that the evidence was insufficient to convict him of either offense because the woundings were not done maliciously or with the intent to permanently harm, and the victim's injuries were neither severe, permanent nor significant. Dkt. 11-2 at 20. The court denied his petition on November 13, 2013. *Id.* at 1-6. The court summarized the evidence as follows:

> . . . . Ms. Pittman testified that she only recalled appellant kicking her in the legs and punching her in the face once before she lost consciousness. . . .
>
> \*\*\*\*
>
> At trial, the Commonwealth introduced into evidence the transcript and video of a conversation between appellant and Detective J. Branch, which took place on the day of the incident, July 1, 2012. During that conversation, appellant admitted to beating, stabbing, and pouring grease on Ms. Pittman's face. In his statement, appellant said "I tried to kill her." Appellant further stated, "It was a decision I made myself." When Detective Branch asked "[s]o your intentions were to kill her, correct? You wanted to kill her?" Appellant again stated, "[y]es I did. Premeditated murder."
>
> \*\*\*\*
>
> . . . . The evidence at trial showed that the appellant and Ms. Pittman were arguing about food stamps when Ms. Pittman decided to walk away from the conversation and go to a neighbor's house. As Ms. Pittman was leaving the house, appellant dragged her back into the residence, threw her to the floor, and began kicking, punching, and stabbing her, as well as throwing hot grease on her face.
>
> \*\*\*\*
>
> . . . . Ms. Pittman testified that, when she regained consciousness, she had burns on her face and grease in her hair and on her face. Dr. Jay Collins testified that he treated Ms. Pittman's face for burns at Sentara Norfolk Hospital after the incident. Furthermore, Officer S.B. Sherrill testified that he recovered two frying pans from the scene of the incident when he responded. Appellant admitted that he threw hot grease on Ms. Pittman's face; however, he argues that hot grease is not a "caustic substance or agent" because it is not "inherently caustic." Appellant asserts that, unlike . . . pepper spray . . . grease is not inherently "caustic" because it does not burn or irritate without heat.
>
> \*\*\*\*

> . . . . Based upon the definition of caustic substance that [the court previously adopted], there was sufficient evidence of the circumstances and effects of the hot grease [to] sufficiently show that appellant attacked Ms. Pittman with a "caustic substance." There is no requirement that a substance be "inherently" caustic or that it cause tissue damage through a chemical reaction. The only requirement is that a substance irritate or burn, regardless of the composition of the substance itself.

Dkt. 11-2 at 2-3, 4-5.

Harcum, by counsel, filed a petition for appeal in the Supreme Court of Virginia pursuing the same arguments that the evidence was insufficient. The court refused his petition for an appeal on June 10, 2014. Dkt. 11-3 at 1.

On May 12, 2016, Harcum, proceeding *pro se*, filed a petition for writ of habeas corpus in the Circuit Court for the City of Portsmouth challenging his confinement, alleging the following claims in support:

(a) Ineffective assistance of counsel: petitioner's attorney prejudiced him when counsel presented no relevant evidence and petitioner testified under the "coercive environment" of not having adequate counsel.

(b) Ineffective assistance of counsel: counsel denied petitioner a fair trial when counsel conspired with the Commonwealth Attorney to present unconstitutionally obtained evidence involving petitioner's videotaped confessions, and petitioner was convicted of crimes "not plainly and unmistakably in the statutes" due to counsel's ineffectiveness.

Dkt. 11-4 at 2; at 36-41.[2] The circuit court dismissed Harcum's habeas petition by order entered August 16, 2016. *Id.* at 1-9. Harcum did not appeal the dismissal to the Supreme Court of Virginia.

Next, Harcum filed a petition for a writ of mandamus in the Circuit Court of the City of Portsmouth on May 31, 2017, challenging the validity of his indictments with allegations of

---

[2] Harcum filed a pleading entitled "Direct Appeal" in the circuit court, which was mailed on February 29, 2016, received on March 9, 2016, and filed on April 21, 2016. Dkt. 11-7 at 2, 6. The text of the pleading indicated that Harcum wanted to file a petition for a writ of habeas corpus raising two claims of ineffective assistance of counsel. *Id.* at 2-3. On April 19, 2016, the circuit court denied the motion and noted that although Harcum wished to file a habeas petition, he had not "done so at this time." *Id.* at 7. Approximately three weeks later, Harcum filed his first state habeas petition.

3

numerous errors concerning the state grand jury, which included: Harcum never saw the grand jurors; never received a copy of the grand jury transcript; never provided proof that the return of the indictments was set forth in the order book; his arrest occurred before the return of the indictments; the indictments did not "appear of record;" the indictments violated the Virginia Constitution; the indictments were based upon unlawfully obtained evidence; the indictments were unconstitutional; the language of the indictments was deficient; and the court lacked subject matter jurisdiction. Dkt. 11-5 at 2-8, 20.[3] The circuit court dismissed the mandamus petition on August 2, 2017. *Id.* at 27-34. Harcum did not appeal the dismissal of his mandamus petition.

On November 28, 2023, Harcum filed a second petition for a writ of habeas corpus in the circuit court challenging his confinement on the same convictions. *Harcum v. Portsmouth Circuit Court*, Case No. CL24-924-00. He raised the following claims:

a. The verdict for aggravated malicious wounding was wrong and without evidence to support it.

b. Ineffective assistance of counsel: counsel failed to argue that the victim's injuries were not sufficient for aggravated malicious wounding.

c. The verdict for malicious wounding with a caustic substance was wrong and without evidence to support it.

*Id.* at 3, 6-7. The second state habeas petition was dismissed as time-barred and successive. *Id.* at 122-23. Harcum did not appeal the dismissal.[4]

---

[3] Harcum filed a similar motion for a writ of mandamus stamped received by the circuit court on October 16, 2016, which was also stamped January 26, 2017. Dkt. 11 at 8. The motion was denied on January 27, 2017. *Id.* at 1. Harcum did not appeal. Harcum also filed a motion for a writ of coram nobis in the circuit court on October 16, 2016 that sought to introduce newly discovered evidence and challenge the admission of evidence at his trial. *Id.* at 10-11. The circuit court denied the motion on January 27, 2017. *Id.* at 1.

[4] Harcum has also filed several motions in the circuit court, each of which was denied: March 22, 2016, Motion for an Evidentiary Hearing, denied April 19, 2016, *Commonwealth v. Harcum*, CR12-1374-01 at 369-70, 373; "Direct Appeal," denied April 19, 2016, *id.* at 374-77; "Motion of Discovery for All Evidence Presented by the Prosecution and the Defense," denied April 19, 2016, *id.* at 387, 385-86; and petitions for a writ of mandamus and coram nobis, *id. at* 417-20, 412. *See, supra* at notes 2 and 3. Harcum filed numerous other motions, all equally

## II. Federal Petition

On June 25, 2024, Harcum, proceeding *pro se*, executed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which was filed on July 3, 2024. Harcum raises the following claims:

(A) Ineffective assistance of counsel: petitioner's attorney prejudiced him when counsel presented no relevant evidence and petitioner testified under the coercive environment of not having adequate counsel.

(B) Ineffective assistance of counsel: petitioner's attorney denied petitioner a fair trial when counsel "conspired with the Commonwealth Attorney to present unconstitutionally obtained evidence involving petitioner's videotaped confessions, and petitioner was convicted of crimes not plainly and unmistakably in the statutes due to counsel's ineffectiveness."

(C) My attorney "failed to present any favorable records such as the [victim's] medical records to provide proof that the victim suffered no permanent and significant physical impairment" and she failed to "present documents from the "F.D.A. as [petitioner requested] to provide proof that hot cooking grease is not a caustic substance."

Dkt. 1 at 4, 8.[5]

---

meritless. The circuit court addressed these motions in a letter dated June 29, 2016, explaining to Harcum that he had already had a direct appeal, Harcum could not re-litigate matters from his trial, that Harcum's claim of ineffective assistance of counsel was under consideration in his pending state habeas petition, and that a retrial could only happen if the court granted his habeas petition. *Id.* at 407-08.

A search of the Virginia Judicial System's Case Status and Information online database indicates that the only proceeding Harcum has filed in the Supreme Court of Virginia was his direct appeal, *Harcum v. Commonwealth*, Record No. 131960, Dkt. 11-3, which was refused on June 10, 2014. *See* https://www.vacourts.gov/ Case Status and Information, Supreme Court of Virginia Tab (search "Harcum, Ulysses") (last searched Apr. 17, 2025). *See Colonial Perm Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

[5] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

### III. Statute of Limitations

Under the Anti-terrorism Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). To be properly filed, the petition must be delivered in compliance with the applicable laws and rules governing filings, including format and time requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The United States Supreme Court has emphasized that an untimely state petition is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

Harcum's petition is untimely under § 2244(d)(1)(A). His convictions became final on June 10, 2014, when the Supreme Court of Virginia refused his petition for appeal, which ended his direct appeal. The federal statute of limitations began to run 90 days later on Monday, September 8, 2014,[6] when his time for seeking further direct review in the United States Supreme Court expired. *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Hence, absent tolling, his federal statute of limitations lapsed on Tuesday, September 8, 2015. The federal petition was filed, at the earliest, on June 25, 2024—over eight years after the statute of limitations had lapsed.

#### A. Statutory Tolling

Under AEDPA, a state prisoner must file his petition for a writ of habeas corpus within one year of the completion of the state court direct review process. 28 U.S.C. § 2244(d)(1)(A). In calculating the one-year period, the Court excludes the time during which any properly filed state collateral proceedings were pending. *See* 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*,

---

[6] Respondent calculated the start date as September 10, 2014. The two-day discrepancy is of no consequence because this habeas petition is time-barred by several years.

544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, Harcum executed his first state habeas petition on May 12, 2016, approximately eight months after the federal statute of limitations had already lapsed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled). Accordingly, as Harcum did not file a state petition before the expiration of the federal statute of limitations, there is no basis for statutory tolling in this case.

### B. Equitable Tolling

To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Pace*, 544 U.S. at 418. A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d

7

424, 427-28 (8th Cir. 2007) (citation omitted). The extraordinary circumstance component requires Petitioner establish that the circumstance that prevented him from complying with a deadline was "an 'external obstacle' to timely filing, *i.e.*, that 'the circumstances that caused [his] delay must have been beyond [his] control.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016). Lastly, a petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001), and he must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). To be sure, the party seeking equitable tolling must "show diligent pursuit of his claim '*throughout the period he seeks to toll*.'" *Harper v. Ercole*, 648 F.3d 132, 139 (2d Cir. 2011) (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). Indeed, equitable tolling is available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008).

  Harcum has not argued he is entitled to equitable tolling. Further, none is apparent from the record.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss, Dkt. 9, must be granted, and the petition will be dismissed as untimely by an order to be issued alongside this Memorandum Opinion.[7]

Entered this __23__ day of __April__, 2025

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.